MRS. FRANCES M. ANDREWS, WIDOW, ARTHUR McGUIRE ANDREWS, DECEASED, EMPLOYEE, PLAINTIFF, v. COUNTY OF PITT, EMPLOYER, AND U. S. FIRE INSURANCE COMPANY, INSURER, DEFENDANTS.

(Filed 1 March, 1967.)

**Master and Servant § 65—**

Evidence that a sheriff, while discharging his routine duties in attempting to apprehend persons breaking and entering a building, suffered a heart attack, without any evidence of unusual exertion on the part of the sheriff, is insufficient to show that the sheriff's death from the heart attack was the result of an accident arising out of and in the course of the sheriff's employment.

APPEAL by plaintiff from *Copeland, J.,* October 24, 1966 Civil Session, PITT Superior Court.

The plaintiff, Mrs. Frances M. Andrews, as widow and only dependent of Arthur McGuire Andrews, instituted this proceeding by filing a claim before the North Carolina Industrial Commission to recover compensation for and on account of the death of her husband while he was engaged in performing his duties as Sheriff of Pitt County. All jurisdictional facts, including the monthly salary, were stipulated.

The evidence disclosed, and the Hearing Officer found, that on the night of February 25, 1965 Sheriff Andrews received a tip that thieves intended to break and enter into Red's TV Shop in Farmville. The Sheriff and other officers concealed themselves at different stations around the shop. The Sheriff was about 135 feet from the building. Near 3 o'clock in the morning at least three men broke out a window and entered the building. Sheriff Andrews, by hand radio, gave the signal for the close in. As the officers approached, two of the men fled. Some of the officers gave chase, firing shots from their revolvers, in an unsuccessful effort to stop them. Sheriff Andrews did not participate in the chase. He went to the broken window, threw the beam of his flashlight inside and immediately collapsed. He died within a few minutes as the result of a heart attack. He was uninjured otherwise.

At the time of his death, Sheriff Andrews had hardening of the arteries and was overweight. For six years he had suffered from some form of heart ailment. He carried nitroglycerine tablets under doctor's orders for use in the event of a sudden seizure.

The Hearing Officer concluded that Sheriff Andrews did not die by accident arising out of and in the course of his employment, and entered an order denying compensation.

On review, the full Commission adopted the findings and conclusions of the Hearing Officer and denied the claim. Judge Copeland affirmed. The claimant appealed to this Court.

*Blount and Taft by Benner Jones III, for plaintiff appellant.*

*Young, Moore, Henderson & Adams by B. T. Henderson II, for defendant appellees.*

PER CURIAM. The evidence fails to disclose death or injury by accident arising out of and in the course of the Sheriff's employment — an indispensable finding before compensation may be awarded. *Lewter v. Abercrombie Enterprises, Inc.,* 240 N.C. 399, 82 S.E. 2d 410; *Bellamy v. Stevedoring Co.,* 258 N.C. 327, 128 S.E. 2d 395; *Ferrell v. Sales Co.,* 262 N.C. 76, 136 S.E. 2d 227; *Horn v. Insurance Co.,* 265 N.C. 157, 143 S.E. 2d 70.

The judgment entered in the Superior Court of Pitt County is Affirmed.